UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DENNIS LARSON LOOP, | Case No. 15-CV-2054 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA and CITY OF MINNEAPOLIS, | |
| Defendants. | |

---

Dennis Larson Loop, pro se.

Bahram Samie and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for defendant United States of America.

Gregory P. Sautter, MINNEAPOLIS CITY ATTORNEY'S OFFICE, for defendant City of Minneapolis.

Plaintiff Dennis Larson Loop filed this lawsuit against the United States and the City of Minneapolis. Loop is a Rastafarian who smokes marijuana for religious reasons. Loop alleges that the United States has violated his rights by prohibiting him from possessing marijuana. Loop further alleges that the City of Minneapolis violated his rights when it seized his marijuana pipe during a 2004 arrest for DWI. Loop seeks $1 billion in damages.

This matter is before the Court on Loop's objection to the November 24, 2015 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. In his

objection, Loop mostly complains that Judge Noel is biased against him. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R and dismisses Loop's claims. Only two matters merit comment:

*First*, Judge Noel did not need to recuse himself. The only purported evidence of bias that Loop has produced is an "Affidavit of Prejudice," in which Loop says—without any factual support whatsoever—that he believes Judge Noel may be prejudiced against Rastafarians. ECF No. 2 at 2. Without any factual support, Loop's accusation does not provide a basis for recusal.

In his objection to the R&R, Loop also says that, in the course of handling an earlier lawsuit filed by Loop, Judge Noel wrote Loop a letter in which Judge Noel allegedly "urg[ed]" Loop "to more or less, 'Stop Screwing With This!'" and said "'You want a ruling? You'll get a ruling. And you won't like it.'" ECF No. 24 at 2. Loop has not produced this letter. But even if Loop had produced the letter, and even if the letter said what Loop claims it said, the letter would not have provided a basis for recusal. Whatever Judge Noel's opinions about Loop and his claims, those opinions were based on what Judge Noel learned about Loop and his claims while presiding over litigation filed by Loop. As the Supreme Court has made clear:

> [O]pinions formed by the judge on the basis of facts
> introduced or events occurring in the course of the current

> proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994). At worst, the letter described by Loop is an "expression[] of impatience" or "annoyance" that does not come close to establishing "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Judge Noel acted properly in declining to recuse himself.

*Second*, Loop says little about the merits of Judge Noel's recommendation, which is not surprising, given that it is clear that Loop's claims against the City of Minneapolis are time barred and equally clear that Loop's claims against the United States must be dismissed under the doctrine of claim preclusion.[1] "Under claim preclusion, 'a final

---

[1] The R&R recommends dismissing some of Loop's claims against the United States under the doctrine of issue preclusion and one of Loop's claims against the United States under the doctrine of claim preclusion. The Court determines that all of Loop's claims against the United States are barred under the doctrine of claim preclusion, and therefore the Court does not address whether those claims are also barred under the doctrine of issue preclusion.

judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) (per curiam) (quoting *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010)).

> To establish that a claim is barred by claim preclusion, a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."

*Id.* (quoting *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008)).

Here, there is no question that all four elements of claim preclusion are satisfied. The 2005 lawsuit resulted in a final judgment on the merits, the district court had jurisdiction over that lawsuit, and that lawsuit involved Loop as a plaintiff and the United States as a defendant. *Loop v. United States*, Civ. No. 05-575, 2006 WL 1851140 (D. Minn. June 30, 2006), *aff'd*, 225 F. App'x 420 (8th Cir. 2007) (per curiam). Moreover, the 2005 lawsuit arose from the same claim or cause of action as this lawsuit. "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 n.22 (1982)). The acts of the

United States (as defendant) are the acts that count in deciding whether two claims share the same facts.  *United States v. Gurley*, 43 F.3d 1188, 1196 (8th Cir. 1994).

 Loop's 2005 lawsuit challenged the same transaction that his present lawsuit challenges.  Specifically, Loop's 2005 lawsuit alleged that the United States (among others) violated Loop's rights when a deputy United States Marshal confiscated Loop's marijuana and paraphernalia after Loop attempted to bring those items into the United States Courthouse in Minneapolis on March 10, 2005.  2006 WL 1851140 at *1.  In his present lawsuit, Loop does not identify any action that the United States has taken against him since March 10, 2005.  Loop merely seeks to make new arguments about the lawfulness of the policies that prohibited him from possessing marijuana in 2005 and continue to prohibit him from possessing marijuana today.  The problem for Loop, though, is that he litigated the legality of those policies in 2005, and nothing has changed since then, except that Loop seems to have come up with new arguments that he wants to make.  ECF No. 24 at 5.  But only new facts, not a new legal theory, would

save his claim from being precluded.[2] For these reasons, Loop's new lawsuit against the United States is barred under the doctrine of claim preclusion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiff's objection [ECF No. 24] and ADOPTS the November 24, 2015 R&R [ECF No. 23]. IT IS HEREBY ORDERED THAT:

1. Defendant City of Minneapolis's motion to dismiss [ECF No. 4] is GRANTED.

2. Defendant United States of America's motion to dismiss [ECF No. 9] is GRANTED.

---

[2]To the extent that Loop's complaint can be construed to argue that the United States continues to injure Loop by continuing to prohibit marijuana possession (and thus forcing Loop to continue to conceal his marijuana use), this argument offers nothing new. The United States enacted the prohibition on marijuana possession long before 2005, and Loop challenged that prohibition in 2005. Because the United States has not changed its policy or taken a new action against Loop since 2005, Loop is precluded from now challenging the same policy that he challenged in 2005. *See Yankton Sioux Tribe*, 533 F.3d at 641 (holding that two claims shared the same factual basis when the earlier claim challenged the government's plan to close an Indian Health Service emergency room and the later claim challenged the government for, among other things, maintaining the plan to close that emergency room); *see also Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 113-14 (2d Cir. 2000).

    3.      Plaintiff's complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 1, 2016                          s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge